Filed 11/5/20  In re Walker CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re JIMMIE A. O. WALKER<br><br>on Habeas Corpus. | F078448<br><br>(Fresno Super. Ct.<br>No. 18CRWR684363)<br><br>**OPINION** |

-ooOoo-

APPEAL from an order granting writ of habeas corpus.  Arlan L. Harrell, Judge.

Lisa A. Smittcamp, District Attorney, Traci Fritzler, Assistant District Attorney and Douglas O. Treisman, Deputy District Attorney for Appellant the People.

Michael Satris, under appointment by the Court of Appeal, for Respondent Jimmie A. O. Walker

-ooOoo-

The People appeal from an order granting habeas corpus relief to respondent Jimmie A.O. Walker (respondent).  While the appeal was pending, the California Supreme Court decided *In re Cook* (2019) 7 Cal.5th 439 (*Cook*).  The People argue that the *Cook* opinion is dispositive of all issues in this matter.  We agree and thus reverse the challenged order.

# BACKGROUND

Respondent is a prisoner serving an indeterminate life term for second degree murder. Convicted and sentenced in 1993, he has been incarcerated for over 27 years. Respondent committed the underlying offense at the age of 19.

Under Penal Code section 3051,[1] respondent is entitled to a youth offender parole hearing. "A youth offender parole hearing is a hearing by the Board of Parole Hearings for the purpose of reviewing the parole suitability of any prisoner who was 25 years of age or younger … at the time of [his or her] controlling offense." (*Id*., subd. (a)(1).) " 'Controlling offense' means the offense or enhancement for which any sentencing court imposed the longest term of imprisonment." (*Id*., subd. (a)(2)(B).) Among other factors, the parole board must "take into consideration the diminished culpability of youth as compared to that of adults, the hallmark features of youth, and any subsequent growth and increased maturity of the individual." (*Id*., subd. (f)(1).)

As explained in *People v. Franklin* (2016) 63 Cal.4th 261 (*Franklin*), a person who meets the eligibility requirements of section 3051 must be given a "sufficient opportunity to make a record of information relevant to his eventual youth offender parole hearing." (*Franklin*, at p. 284.) Relevant "youth-related factors" include the prisoner's "cognitive ability, character, and social and family background at the time of the offense." (*Id*. at p. 269.) The term "*Franklin* hearing" is often used in reference to the marshalling and preservation of such evidence, but the California Supreme Court has advised that the "*Franklin* processes are more properly called 'proceedings' rather than 'hearings.' " (*Cook*, *supra*, 7 Cal.5th at p. 449, fn. 3.) "A *Franklin* proceeding gives 'an opportunity for the parties to make an accurate record of the juvenile offender's characteristics and circumstances at the time of the offense so that the Board [of Parole Hearings], years later, may properly discharge its obligation to "give great weight to"

---

[1] All further statutory references are to the Penal Code unless otherwise stated.

youth-related factors [citation] in determining whether the offender is "fit to rejoin society" .…' [Citations.] " (*Id*. at p. 449, fn. omitted, quoting *Franklin* at p. 284.)

In July 2018, respondent petitioned the Fresno Superior Court for a writ of habeas corpus. He sought relief in the form of a *Franklin* proceeding. Four months later, the petition was granted. The People filed a timely notice of appeal.

The People's opening brief was filed on January 18, 2019. The respondent's brief was filed on May 21, 2019. Shortly thereafter, on June 3, 2019, the California Supreme Court issued the *Cook* opinion. The People address the significance of *Cook* in their reply brief.

## DISCUSSION

In their opening brief, the People argued that *Franklin* proceedings are required only for juvenile offenders, i.e., defendants who were under the age of 18 when they committed a controlling offense. As a secondary contention, they alleged *Franklin* proceedings are not available to a prisoner, like respondent, whose judgment of conviction was final prior to the enactment of section 3051 and/or the decision in *Franklin*. In their reply brief, the People impliedly withdraw both of those arguments in light of *Cook*. (See *Cook*, *supra*, 7 Cal.5th at p. 451 ["we hold that an offender entitled to a hearing under sections 3051 and 4801 may seek the remedy of a *Franklin* proceeding even though the offender's sentence is otherwise final."].)

The People maintain the superior court's order must be reversed, but for the reasons stated in *Cook* rather than those asserted in their opening brief. In *Cook*, the California Supreme Court reversed an appellate court decision that had authorized a *Franklin* hearing for a prisoner who had petitioned for a writ of habeas corpus. (*Cook*, *supra*, 7 Cal.5th at pp. 447–448.) The issue before the high court was "whether a sentenced prisoner whose conviction is final can seek the remedy of evidence preservation and, if so, by what means." (*Id*. at pp. 446–447.)

The *Cook* opinion holds that in "cases with final judgments, section 1203.01 gives the trial court authority to conduct an evidence preservation proceeding as envisioned in *Franklin*."[2]  (*Cook, supra*, 7 Cal.5th at p. 452.)  "The purpose of section 1203.01 parallels that of a *Franklin* proceeding."  (*Id*. at p. 453.)  Section 1203.01 gives a sentenced prisoner whose conviction is final "a plain, speedy, and adequate remedy at law that makes resort to habeas corpus unnecessary, at least in the first instance.  [Citations.]"  (*Cook*, at p. 452.)  "In fact, section 1203.01's framework provides a more flexible, efficient, and suitable means of collecting information for the benefit of the [parole board] than the rigid requirements of habeas corpus."  (*Id*. at p. 456.)  Therefore, a habeas petition filed for the purpose of obtaining a *Franklin* proceeding should be denied unless the remedies available under section 1203.01 have already been pursued and exhausted.  (*Id*. at pp. 452, 458, fn. 6.)

Prior to *Cook*, section 1203.01 had not been recognized as a viable procedural mechanism for prisoners to obtain a *Franklin* proceeding or the functional equivalent of such a proceeding.  (See *Cook, supra*, 7 Cal.5th at pp. 454, 458–459.)  For that reason, it would be safe to assume respondent's habeas petition was premature.  No assumption is needed, however, because the record shows respondent did not previously seek relief

---

[2] "Under section 1203.01, the trial court may create a postjudgment record for the benefit of the Department of Corrections and Rehabilitation." (*Cook, supra*, 7 Cal.5th at p. 452.)  The statute provides, in relevant part:  "Immediately after judgment has been pronounced, the judge and the district attorney, respectively, may cause to be filed with the clerk of the court a brief statement of their views respecting the person convicted or sentenced and the crime committed, together with any reports the probation officer may have filed relative to the prisoner.  The judge and district attorney shall cause those statements to be filed if no probation officer's report has been filed.  The attorney for the defendant and the law enforcement agency that investigated the case may likewise file with the clerk of the court statements of their views respecting the defendant and the crime of which he or she was convicted…."  (§ 1203.01, subd. (a).)  Despite the phrase "[i]mmediately after judgment has been pronounced" (*ibid.*), nothing in the statutory language deprives a trial court "of authority to act at a later time" (*Cook*, at p. 453).

under section 1203.01.  Respondent filed his habeas petition using Judicial Council form No. MC-275.  On that form, he was asked, "Other than direct appeal, have you filed any other petitions, applications, or motions with respect to this conviction, commitment, or issue in any court?"  Respondent's answer was "No."

For the reasons discussed, we conclude the trial court erred by granting respondent's petition for a writ of habeas corpus.  The appropriate disposition is the same as in *Cook*.  The order granting the petition shall be reversed, and the matter will be remanded with directions for the superior court to issue a new order denying the petition "without prejudice to [respondent's] filing a motion in the trial court for a *Franklin* proceeding under the authority of section 1203.01 and [the *Cook* opinion]."  (*Cook*, *supra*, 7 Cal.5th at p. 460.)

## DISPOSITION

The order granting respondent's petition for writ of habeas corpus is reversed and the matter is remanded.  On remand, a new order shall be issued denying the petition. The denial order shall be without prejudice to respondent's ability to file a motion in the trial court for a *Franklin* proceeding under the authority of section 1203.01 and *Cook*, *supra*, 7 Cal.5th 439.


POOCHIGIAN, Acting P.J.

WE CONCUR:


DETJEN, J.


SMITH, J.


5.